## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| WILDEARTH GUARDIANS, ) | |
| ) | |
| Plaintiff, ) | No. _____ |
| ) | |
| v. ) | |
| ) | |
| KEN SALAZAR, U.S. Secretary of Interior, ) | **COMPLAINT** |
| sued in his official capacity ) | **FOR DECLARATORY AND** |
| ) | **INJUNCTIVE RELIEF** |
| Defendant. ) | |
| ) | |

## INTRODUCTION

1. Plaintiff, WildEarth Guardians ("Guardians"), brings this action against Defendant, Ken Salazar, U.S. Secretary of the Interior ("the Secretary"), in his official capacity, to force him to carry out his duties under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 et seq. The Secretary has failed to comply with his mandatory duty under the ESA to make the required finding on Guardians' petition to list the Wright's Marsh Thistle (*Cirsium wrightii*) ("Thistle") as an endangered or threatened species and to designate its critical habitat. This lawsuit seeks to force the Secretary to make the overdue finding on Guardians' petition.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 16 U.S.C. §§ 1540(c) and (g) (action arising under the ESA and citizen suit provision).

3. This Court has authority to grant Guardians' requested relief pursuant to 28 U.S.C. §§ 2201-02 (declaratory and injunctive relief).

4. More than 60 days ago, Guardians furnished the Secretary with written notice of

his violations of the ESA and of Guardians' intent to sue. See 16 U.S.C. § 1540(g)(2).

5. Because the Secretary has not remedied his violations of the ESA by making the overdue finding on Guardians' petition, an actual controversy exists between the parties within the meaning of the Declaratory Judgment Act. See 28 U.S.C. § 2201.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) and 16 U.S.C. § 1540(g)(3)(A). The Thistle is found in this judicial district. Both Guardians and the Secretary maintain major offices in this district.

## PARTIES

7. Plaintiff WILDEARTH GUARDIANS sues on behalf of itself and its adversely affected members. WildEarth Guardians is a non-profit environmental organization based in Santa Fe, New Mexico. Guardians' mission is to protect and restore wildlife, wild places, and wild rivers in the American Southwest. It has over 4,500 members, most of whom reside in New Mexico. WildEarth Guardians has an active endangered species protection campaign. As part of this campaign, Guardians has repeatedly urged the Secretary to list imperiled species, including the Thistle, as threatened or endangered species pursuant to the ESA. Guardians filed its petition to list the Thistle in October 2008. Guardians invested substantial organizational resources in preparing the petition and in pursuing prior litigation to force the Secretary to respond to the petition. Guardians' members and staff frequently use and enjoy, and will continue to use and enjoy, the Thistle and its habitat for plant and wildlife viewing and for recreational, aesthetic, and scientific activities. Guardians and its members are particularly concerned with the conservation of the Thistle and the ecosystem on which it depends for its survival. Guardians and its members have a substantial interest in this matter and are adversely affected by the Secretary's failure to

comply with the ESA. The requested relief will redress the injuries of Guardians and its members.

8. Defendant, KEN SALAZAR, is the Secretary of the United States Department of the Interior. As such, he has ultimate responsibility for implementation of the ESA. He is sued in his official capacity. In this case, the Secretary has delegated his responsibilities under the ESA to the United States Fish and Wildlife Service ("FWS"), an agency within the United States Department of the Interior.

## LEGAL BACKGROUND

9. Congress passed the ESA to "provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered species and threatened species…." 16 U.S.C. 1531(b).

10. To this end, the ESA requires the Secretary to list species of plants and animals that are facing extinction as "threatened" or "endangered" and to designate protected "critical habitat" for each listed threatened or endangered species. 16 U.S.C. § 1533(a). An "endangered species" is "any species which is in danger of extinction throughout all or a significant portion of its range…." 16 U.S.C. § 1532(6). A "threatened species" is a species "which is likely to become an endangered species within the foreseeable future…." 16 U.S.C. § 1532(20).

11. In order for the ESA to protect a species, the Secretary must first officially list the species as either threatened or endangered. The listing process is the critical first step in the ESA's system of species protection and recovery. The Secretary must also designate the species' habitat as "critical habitat" in order for the habitat to receive ESA protections.

12.     Any interested person can initiate the listing process by filing a petition to list a species with the Secretary.  See 16 U.S.C. § 1533(b)(3)(A); 50 C.F.R. § 424.14(a).

13.     Upon receipt of a petition to list a species, the Secretary is required to make an initial finding known as a "90-day finding."  Specifically, "to the maximum extent practicable," within 90 days, the Secretary must determine whether the petition presents "substantial scientific or commercial information indicating that the petitioned action may be warranted."  16 U.S.C. § 1533(b)(3)(A).  The ESA's implementing regulations define "substantial information" as "that amount of information that would lead a reasonable person to believe that the measure proposed in the petition may be warranted."  50 C.F.R. § 424.14(b).

14.     If the Secretary finds that the petition presents substantial information, he "shall promptly commence a review of the status of the species concerned," and must publish the finding in the Federal Register.  16 U.S.C. § 1533(b)(3)(A).

15.     If the Secretary makes a positive 90-day finding, he has 12 months from the date that the petition was received to make one of three findings: (1) the petitioned action is not warranted; (2) the petitioned action is warranted; or (3) the petitioned action is warranted but presently precluded by other pending proposals to list species of higher priority, provided that the Secretary is making expeditious progress on listing actions.  See 16 U.S.C. § 1533(b)(3)(B); 50 C.F.R. § 424.14(b)(3).  This is known as the 12-month finding.

16.     If the Secretary makes a 12-month finding that the petitioned action is warranted, he must then publish in the Federal Register a proposed rule to list the species as endangered or threatened.  See 16 U.S.C. § 1533(b)(5).  Within one year of this publication, the Secretary is required to render a determination on the proposal.  See 16 U.S.C. § 1533(b)(6)(A).  At such time, the Secretary must either list the species, withdraw the proposal, or if there is substantial

disagreement about scientific data, delay a final determination for up to six months to solicit more scientific information. See 16 U.S.C. §§ 1533(b)(6)(A)(i)(III) and (b)(6)(B)(i).

17.     "Concurrently" with listing a species as threatened or endangered, the Secretary must designate critical habitat for the species "to the maximum extent prudent and determinable." 16 U.S.C. §§ 1533(a)(3)(A) and (b)(6)(C).

## FACTUAL BACKGROUND

18.     The Wright's Marsh Thistle (*Cirsium wrightii*) ("Thistle") has a single central stalk covered with succulent leaves. Numerous flowering branches extend from the stalk, with the longest branches at the top of the plant. The Thistle flowers during the late summer and early autumn, and the flowers range from white to pale pink in the Sacramento Mountains to vivid pink in the Santa Rosa area. The Thistle is pictured here.[1]



19.     The Thistle is imperiled by multiple threats, including habitat loss and destruction, herbicide spraying, mechanical vegetation removal, and exotic insect predators. The greatest threat to the Thistle is habitat loss due to loss of water in the wetlands it occupies. Both ground and surface water in the Thistle's range have been diverted for municipal consumption through pipelines and well-drilling. Drought exacerbates the dry conditions of wetlands and, combined with the diversion of groundwater, reduces available surface water causing wetlands to be sensitive to drought and more likely to dry up. Climate change will likely worsen the threat

---

[1]  Photo: © Robert Sivinski.

of drought to the Thistle due to projections of long-term drought in the American Southwest. All of these threats pose an imminent danger to the very existence of the Thistle.

20. On October 9, 2008, Guardians filed a petition requesting that the Secretary list the Thistle as a threatened or endangered species under the ESA throughout its range. The Secretary received Guardians' petition on October 15, 2008.

21. On April 3, 2009, Guardians filed suit in the District Court of New Mexico over the failure of the Secretary to issue a timely 90-day finding for the Thistle (WildEarth Guardians v. Salazar, No. 6:09-cv-00331-MCA-RLP). On August 6, 2009, Guardians and the Secretary reached a settlement agreement requiring the Secretary to issue a 90-day finding for the Thistle on or before September 18, 2009.

22. On September 10, 2009, the Secretary issued a positive 90-day finding on Guardians' petition. See 74 Fed. Reg. 46542-46547 (Sept. 10, 2009). The Secretary concluded that the petition presented substantial scientific information that Guardians' request to list the Thistle as a threatened or endangered species may be warranted. The Secretary found that multiple threats may be imperiling the Thistle including habitat loss and degradation from alteration of desert springs, seeps, and wetlands; predation by non-native and native insects; inadequate regulatory protections; drought; and non-native plants. Id. at 46545.

23. Because the Secretary rendered a positive 90-day finding, he was then obligated to proceed to the second step in the ESA listing process, completing a 12-month finding. A 12-month finding must be completed within 12-months of the *receipt* of a petition. See 16 U.S.C. § 1533(b)(3)(B).

24. On October 23, 2009, Guardians provided the Secretary with written 60-day notice of its intent to sue over the Secretary's failure to make a 12-month finding on the petition

to list the Thistle. At that time, more than 12 months had passed since Guardians submitted its petition. The Secretary received Guardians' notice of intent to sue on November 2, 2009. On December 24, 2009, the Secretary acknowledged receipt of Guardians' 60-day notice. In his acknowledgement letter, the Secretary did not provide a date by which he would make a 12-month finding on the Thistle.

25. To date, the Secretary has not made the required 12-month finding on Guardians' petition to list the Thistle.

## CLAIM FOR RELIEF

26. Each and every allegation set forth in this Complaint is incorporated herein by reference.

27. The Secretary has failed to make a mandatory 12-month finding concerning Guardians' petition to list the Thistle within 12 months of receiving Guardians' petition and has failed to publish such finding in the Federal Register.

28. By failing to render a 12-month finding on Guardians' petition within 12 months of receipt, the Secretary has failed to perform a mandatory act or duty pursuant to the ESA. See 16 U.S.C. § 1533(b)(3)(B).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff WildEarth Guardians requests that this Court enter judgment providing the following relief:

A. A declaration that the Secretary has violated the ESA by failing to make the 12-month finding on Guardians' petition to list the Wright's Marsh Thistle;

  B. An injunction compelling the Secretary to make the 12-month finding on Guardians' petition to list the Wright's Marsh Thistle and to publish such finding in the Federal Register by a reasonable date certain;

  C. An order awarding Guardians its costs of litigation, including reasonable attorney's fees, as authorized by the ESA citizen suit provision, 16 U.S.C. § 1540(g); and

  D. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 11th day of February 2010.

    /s/ Samantha Ruscavage-Barz
    Samantha Ruscavage-Barz
    17 Orno Creek Road
    Placitas, NM 87043
    (505) 750-1598
    Samantha.RuscavageBarz@gmail.com

    Attorney for Plaintiff WildEarth Guardians